## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **OKSANA SEPICH,**<br>　　　**Plaintiff,**<br><br>**v.**<br><br>**G.A. MARTIN, as an individual and his**<br>**official capacity as a City of Atlanta**<br>**Police Officer, CITY OF ATLANTA,**<br>**GEORGIA, CHRISTINE WHITE, as**<br>**an individual and her official capacity**<br>**as an Assistant District Attorney for**<br>**Fulton County, Georgia, and FULTON**<br>**COUNTY, GEORGIA.**<br>　　　**Defendants.** | **CIVIL ACTION FILE**<br>**NO.: 1:13-CV-00889-JEC** |

---

### RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND FIRST AMENDED COMPLAINT

---

**COMES NOW** the Plaintiff, Oksana Sepich, and files this, her Response in Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint and First Amended Complaint. Plaintiff, through her attorney, will show Defendants' motion should be denied.

1

## STATEMENT OF FACTS

### 1.

Oksana Sepich was arrested on January 20, 2012, while in the midst of an ugly, vigorously contested divorce, for aggravated stalking. Weeks earlier plaintiff's husband, Aris Papadopoulos, had sworn out a warrant for domestic violence against plaintiff. (The charges were subsequently dismissed). The bond conditions on the domestic violence charge mandated "no contact". Sepich returned to the marital home because Papadopoulos left for Miami, Florida right after the incident. Also, under the parties pre nuptial agreement, in the event of a divorce action, Sepich was allowed to live in the marital home in Atlanta. Papadopoulos, without contacting Sepich's attorney as had been agreed to by the counsels for the parties, came to the marital home in Atlanta and initiated the contact with Sepich.   Amended Complaint (Doc. 8) at ¶7, 9-10; see Court's Order and Opinion dated March 4, 2014 (Doc. 20).

### 2.

On the previous day, January 19, 2012, the APD investigated the charge of aggravated stalking being alleged by Papadopoulos. The APD determined the accusation of aggravated stalking was utterly unfounded as Papadopoulos had no right to return to the marital home and claim that his

wife was in violation of the "no contact" provision of her bond. Amended Complaint (Doc. 8) at ¶8.

3.

On January 20, 2012 Papadopoulos again sought to have his wife arrested on the charge of aggravated stalking. Papadopoulos contacted Zone 2 Precinct of APD during a different shift and Officer Martin #5234 was assigned to investigate the case. Officer Martin #5234 contacted the Fulton County District Attorney's Office and reached the on duty Assistant District Attorney, Christine White. Assistant District Attorney Christine White advised that Sepich be arrested on charges of aggravated stalking. The arrest was made without probable cause and without a reasonable basis to support it.  Amended Complaint (Doc. 8) at ¶9,10.

4.

Sepich was incarcerated for 30 hours in the Fulton County Jail. The experience for Sepich was humiliating and brutalizing and caused Sepich post traumatic stress and severe emotional distress. Amended Complaint (Doc. 8) at ¶9.

5.

The aggravated stalking charges against Sepich were subsequently dismissed by a Fulton County Superior Court Judge. The judge found that

Sepich had a right to live in her home and was not in violation of the TPO when her estranged husband came to their home. Amended Complaint (Doc.8) at ¶14.

## ARGUMENTS AND CITATION OF AUTHORITY

1.    Standard of Review

*Rule 12(b)(1) of the Federal Rules of Civil Procedure* authorizes motions take one of two forms to attack the complaint. Facial attacks require the court to determine whether the plaintiff has alleged a sufficient basis for subject matter jurisdiction. *Garcia v. Copenhaver, Bell & Assoc., M.D.'s, P.A.,* 104 F.3d 1261 (11th Cir.1997). The court is to assume the allegations in the plaintiff's complaint are true and construe the facts in the light most favorable to the plaintiff. The standard is very similar to that of a Rule 12(b)(6) motion. *Sinaltrainal v. Coca-Cola Co.,* 578 F.3d 1252 (11th Cir.2009).  A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal* 129 S.Ct. 1949, (2009). A Factual attack challenges "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Lawrence v. Dunbar,* 919 F.2d 1529 (11th Cir. 1990).  The standard for a factual attack is

dependent upon whether the attack 'implicates the merits of plaintiff's cause of action." *Garcia,* 104 F.3d at 1261. If the jurisdiction is so intertwined with merits of the case and a decision on one would affect the other the "proper course of action … is to find that jurisdiction exists and deal with the objection as a direct attack on the merits" under Rule 12(b)(6). *Id.*

Accordingly, if the motion is a facial attack under Fed. R. Civ. 12(b)(1) the Amended Complaint contains factual content that alleges defendant caused plaintiff to be deprived of her constitutional rights while acting under order of state law. If the motion is a factual attack then the attack implicates the merits of the plaintiff's cause of action and is so intertwined with the jurisdiction so as to be a direct attack on the merits of the case.

Defendant alleges that Plaintiff's Motion for Reconsideration as to Defendant White was based upon incorrect and unsupported facts. Defendant White alleges that her Affidavit should be granted greater weight than the Affidavit of Service (Doc. 18) supplied by an uninterested party to the current suit. Plaintiff did comply with the Court's Order and served the Defendant as required by the Court.

## ARGUMENTS AND CITATION OF AUTHORITY

Defendant alleges Plaintiff has failed to state a proper claim for relief. A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal* 129 S.Ct. 1949, (2009). Plaintiff made specific allegations in her Amended Complaint (Doc. 8) at ¶1, 5, 9, 10, 11, and 13. Plaintiff alleges with specificity that Defendant White, after conferring with Officer Martin, advised Martin to proceed with the arrest of the plaintiff even after the APD refused to arrest her the previous day regarding the same alleged violation.

Defendant alleges Plaintiff's complaint should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. 12(b)(1). A § 1983 plaintiff is required to show that she was deprived of a right secured by the Constitution or laws of the United States, and that the person who committed the alleged deprivation acted under color of state law. See *Focus on the Family v. Pinnellas Suncoast Transit Auth.*, *344 F.3d 1263, 1277 (11th Cir. 2003); Patrick v. Floyd Med. Ctr.*, 201 F.3d 1313, 1315 (11th Cir. 2000). In this case, there is no dispute that the defendant acted under color of state law as she was acting in her capacity as Assistant District Attorney when she made the decision to have plaintiff arrested.  The court is to assume the

allegations in the plaintiff's complaint are true and construe the facts in the light most favorable to the plaintiff. The standard is very similar to that of a Rule 12(b)(6) motion. *Sinaltrainal v. Coca-Cola Co.,* 578 F.3d 1252 (11th Cir.2009).  The Amended Complaint contains factual content that alleges defendant caused plaintiff to be deprived of her constitutional rights while acting under order of state law. (Doc. 8) at ¶1, 5, 9, 10, 11, and 13.

Finally Defendant alleges they are entitled to Eleventh Amendment Immunity from Plaintiff's § 1983 Claims. Defendant admits that immunity does not apply when a prosecutor steps outside of their prosecutorial roles and engage in an investigation prior to a legal proceeding. *Mastroianni v. Bowers,* 173 F.3d 1363 (1999). Generally speaking, prosecutors are not immune for their conduct prior to the judicial phase of the criminal process. *Mastroianni*, 160 F.3d at 676. Courts have been unwilling to extend absolute immunity to prosecutors for giving legal advice to the police during their pretrial investigation. *Burns v. Reed,* 500 U.S. 478, 492-96, 111 S. Ct. 1934, 1942-45, 114 L.Ed.2d 547 (1991). In the present case Defendant White provided police with advice prior to the judicial phase and ultimately gave investigatory advice by advising the police to arrest the plaintiff.

## CONCLUSION

The Defendant has been unable to show that there is a lack of subject matter jurisdiction by any standard of review under any analysis. Plaintiff has clearly stated a claim in her Amended Complaint that should be heard by a jury. This case is about fundamental human rights. The right to have her freedom from an unlawful incarceration that caused her embarrassment, mental anguish and post traumatic stress.

The Defendant violated the Plaintiff's constitutional rights. The rights were well established and the acts if not intentional, then so totally bereft of conscious thought that they rise to the level of an abuse of power. The Defendant is not entitled to prosecutorial immunity as her actions were outside the grant of that immunity. Therefore, the Motion to Dismiss must be denied.

Respectfully submitted, this 18th day of August, 2014.

Respectfully submitted,
/S/ David J. Farnham
David J. Farnham
Georgia Bar No.: 255410
**The Farnham Law Firm**
1875 Old Alabama Road, Suite 710
Roswell, GA 30076
(706) 946-6340

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | |
|---|---|
| **OKSANA SEPICH,**<br>          **Plaintiff,**<br><br>**v.**<br><br>**G.A. MARTIN, as an individual and his official capacity as a City of Atlanta Police Officer, CITY OF ATLANTA, GEORGIA, CHRISTINE WHITE, as an individual and her official capacity as an Assistant District Attorney for Fulton County, Georgia, and FULTON COUNTY, GEORGIA.**<br>          **Defendants** | **CIVIL ACTION FILE**<br><br>**NO.: 1:13-CV-00889-JEC** |

---

**CERTIFICATE OF SERVICE AND COMPLIANCE**

---

I HEREBY CERTIFY that on the 18th day of August, 2014, I electronically filed the within and foregoing **RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND FIRST AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

The undersigned hereby also certifies pursuant to Local Rule 7.1 D, ND Ga., that the attached pleading has been prepared in Times New Roman,

14 point font, a font and point selection approved by this court in Local Rule

5.1 B., ND Ga.

This 18th day of June, 2014.

/S/ David J. Farnham
David J. Farnham
Georgia Bar No.: 255410
**The Farnham Law Firm**
1875 Old Alabama Road, Suite 710
Roswell, Georgia  30076
(706) 946-6340